

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2004

# DeGuzman v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"DeGuzman v. State of NJ" (2004). *2004 Decisions.* Paper 243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-4436

———————

DR. VIRGINIA DEGUZMAN,
                                        Appellant

v.

STATE OF NEW JERSEY, Department of Military and Veterans Affairs;
LUCILLE HERTEL; DORIS NEIBART; JAVED YOUSAF; LOUIS LAMOLA;
JOSEPH LOUDERMILK

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 00-cv-02943
District Judge:  The Honorable William J. Martini

———————

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

———————

Before: ROTH, BARRY, and CHERTOFF, <u>Circuit Judges</u>

———————

(Opinion Filed:  October 8, 2004)

———————

OPINION

———————

BARRY, <u>Circuit Judge</u>

Plaintiff Dr. Virginia DeGuzman brought suit against defendants State of New

Jersey - Department of Military and Veterans Affairs; Lucille Hertel; Doris Neibart; Javed Yousaf; Louis Lamola; and Joseph Loudermilk, alleging various forms of employment discrimination. The District Court granted summary judgment in favor of defendants. We will affirm.

## I.

Because we write only for the parties who are familiar with the facts of this case, our summary of the facts will be brief. Plaintiff is a Filipino female physician, who began work at the New Jersey Veterans Memorial Home (the "Home") in June 1992. During her employment, she filed a number of grievances with her Union against the Home. One of the grievances was triggered by an incident on April 11, 1997, when defendant Doris Neibart, the CEO of the Home, allegedly yelled at plaintiff in public because plaintiff refused to sign an agreement which would have allowed a nurse practitioner to provide primary care to patients under the direction of a physician. Plaintiff also filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The first charge, which was later withdrawn, was filed on March 8, 1995, and the second charge was filed on August 22, 1997.

During her tenure at the Home, plaintiff was disciplined on a few occasions. In May 1998, she received a notice of suspension for failure to follow-up on a swallowing evaluation of a patient, which allegedly resulted in a "choking incident." On September 8, 1999, plaintiff was terminated because of her alleged failure to monitor medical testing

2

of a patient, which caused the patient to suffer a Coumadin overdose. According to the records, the appropriate medical tests were not conducted on the patient for two months.

Plaintiff brought this action in the United States District Court for the District of New Jersey alleging violations of Title VII, the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the First Amendment to the U.S. Constitution and the New Jersey Constitution, and the Labor Management Relations Act. Defendants moved for summary judgment, and the District Court granted the motion. Plaintiff filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Our review of a grant of summary judgment is plenary. Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and where, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

Plaintiff argues that the grant of summary judgment on her discrimination claims was erroneous. To succeed on a Title VII claim (and a New Jersey Law Against Discrimination claim is similarly analyzed), a plaintiff must initially establish a *prima facie* case of discrimination by showing that (1) she is a member of a protected class; (2) she was qualified for the position; and (3) nonmembers of the protected class were treated

3

more favorably.  See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000).  Once the plaintiff makes out a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action.  Id.  If the defendant meets its burden of persuasion, the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).  A plaintiff may prove pretext by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence."  Id. at 413 (quoting Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108-1109 (3d Cir. 1997)).  She may also defeat a motion for summary judgment if she demonstrates that "an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Id. (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

Here, the District Court found that plaintiff established a *prima facie* case of discrimination based on her gender and race or national origin.  It also found that defendants articulated a legitimate reason for terminating her, *i.e.*, she failed to properly monitor medical testing of a patient, which caused the patient to suffer a Coumadin overdose.  The District Court concluded, however, that plaintiff failed to meet her burden of proving that defendants' proffered reason was pretextual.  Thus, it granted summary

4

judgment on the discrimination claims.

Plaintiff concedes that "[t]he central issue in this case is whether [her] termination for the Coumadin incident was actually a pretext for discrimination and retaliation" and that "all of [her] other claims rise or fall depending on the answer to this question." Appellant's Reply Br. at 1. In this regard, the record reflects that: (1) the Coumadin overdose incident occurred; (2) the patient who suffered the overdose was under plaintiff's care at the time of the incident; (3) plaintiff failed to notice that the medical tests were not performed for two months; (4) defendants investigated the incident; and (5) plaintiff was terminated as a result of the incident. Plaintiff has simply not presented sufficient evidence to support any claim of pretext.

Plaintiff, nevertheless, asserts that she should not have been terminated because this was her first patient care incident and, under the Home's operating procedures, one patient care issue was not a ground for termination. According to plaintiff, the choking incident in 1998, which resulted in her previous suspension, never actually occurred but was fabricated by defendants. Among other things, she contends that there were no witnesses to that incident. This is simply incorrect, as the District Court found, although surely the investigation could have been documented more thoroughly. And, as the District Court also found, there is no question of material fact as to whether the choking incident itself was fabricated. The record includes a report by Dr. Yousaf, which explicitly states that based upon his review of the medical chart of the patient who

choked, plaintiff failed to follow up on an order she had given four months earlier to evaluate the ability of that patient to swallow.

Plaintiff also alleges that defendants' proffered reason for terminating her was pretextual because the Coumadin incident was caused by a systemic breakdown. This allegation, however, does not cast sufficient doubt on defendants' proffered reason. Even if we assume that the floor nurses failed to perform their jobs, it is undisputed that plaintiff was the physician responsible for the patient's care at the time of the incident.

Plaintiff contends, next, that the District Court erred in finding that there was insufficient evidence from which a factfinder could reasonably conclude that invidious discrimination was more likely than not a motivating cause of defendants' actions. She claims that she was treated differently than other similarly situated employees in the following ways: (1) her termination was much more severe than the discipline of the nurses that were involved in the Coumadin overdose incident; and (2) she was the only doctor who was disciplined, even though other physicians, such as Dr. Yousaf, had patient care issues. The evidence does not support these contentions. For starters, it is not clear that nurses and physicians were "similarly situated employees." Even if we were to assume that they were, the record indicates that nurses were disciplined for similar conduct. In addition, as the District Court found, the record does not indicate that Dr. Yousaf's alleged negligence in handling patients was comparable to that of plaintiff in the Coumadin overdose incident.

Plaintiff also contends that the District Court erred in granting summary judgment on the retaliation claim. To establish a *prima facie* case of retaliation, she must demonstrate that: (1) she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. Weston v. Cmmw. of Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001). If she succeeds in establishing a *prima facie* case, the burden-shifting framework applies.

The District Court correctly found that although plaintiff satisfied the first two prongs of the *prima facie* case, she failed to raise an issue of material fact giving rise to an inference of a causal link between adverse actions she received and the various grievances and charges of discrimination she filed. The Court properly took into account the totality of circumstances in finding that the adverse actions "occurred in response to different incidents, none of which can be linked to plaintiff's complaints about discrimination." Among other things, the Court considered the lack of any evidence that defendants ever mentioned the grievances or the EEOC charges to plaintiff, as well as the lapse of time between plaintiff's filing of the EEOC charges and the termination.[1]

Finally, plaintiff argues that the District Court erred in granting summary judgment on her claim under § 301 of the Labor Management Relations Act. To succeed on that

---

[1] Plaintiff also appeals the District Court's grant of summary judgment on her claims under the New Jersey Conscientious Employer Protection Act and the First Amendment. The District Court did not err. Plaintiff failed to establish a causal link between her free speech activity and defendants' adverse actions.

7

claim, plaintiff "must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990). The District Court properly found that a triable issue of fact did not exist as to the first requirement. The collective bargaining agreement provided that "[d]iscipline of an employee shall be imposed only for just cause." Here, defendants' reason for plaintiff's termination constituted such just cause.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.