NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1266
_____

LAURA IOVANELLA,
Appellant

v.

GENENTECH, INC.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-01024)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2010

Before:  RENDELL, AMBRO and NYGAARD, Circuit Judges.

(Opinion Filed: November 21, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Plaintiff Laura Iovanella ("Iovanella") appeals from an order of the District Court

granting summary judgment in favor of defendant Genentech, Inc. ("Genentech") in her

employment discrimination suit.  Though Iovanella contends that the District Court erred

in several respects by granting summary judgment, her arguments are unconvincing.  The

District Court's thorough consideration of the issues demonstrates clearly that summary judgment was proper. We will therefore affirm.

I.

Since we write primarily for the parties who are familiar with this case, we need not fully recount the extensive historical background set forth in the District Court's opinion. Instead, we recite only the facts that are relevant to our analysis.

Iovanella worked as a sales representative for Genentech from March 2001 to March 2008. In early 2006, Genentech redistributed sales territories and accounts in Iovanella's division, causing at least one of her clients to withdraw from the company completely. In March 2006, Genentech hired a new manager for Iovanella's sales group, Wolfgang Ziegenhagen, with whom she clashed. An early point of contention was Ziegenhagen's decision not to replace a Blackberry Iovanella had previously been given because she was a single mother, despite the company's policy not to give its employees phones. Ziegenhagen, too, conducted field rides to evaluate Iovanella's work and, as a result, noted several performance issues which Iovanella claims were inaccurate. Those issues led the company not to grant Iovanella discretionary stock options in August 2006.

The decision led Iovanella to accuse Ziegenhagen of treating her unfairly. Iovanella claims that after bringing her alleged mistreatment to a human resources manager, she was given the only "partially meets expectations" rating in her sales group and denied an adjustment to her salary that other similarly rated employees outside of her sales group received. Despite receiving an increase in her base salary in March 2007, Iovanella hired a lawyer after Ziegenhagen allegedly acted negatively toward her at a

sales meeting. Her lawyer sent Genentech a letter, asserting that Iovanella had been subjected to gender discrimination and retaliation. After conducting an investigation, though, a Genentech human resources manager found no evidence to support Iovanella's claims. In August 2007, Iovanella filed a complaint with the EEOC, which she subsequently withdrew.

Later in 2007, Genentech investigated Iovanella after receiving reports that she went to a patient's home to assist with one of Genentech's products. Iovanella was cleared of any charges related to the incident. Though she received stock options in 2007 and a salary increase in early 2008, Iovanella claims not have been given a corporate bonus to which she was entitled. In March 2008, she resigned from Genentech. In January 2009, she filed suit claiming discrimination based on her gender and status as a single mother.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction to review the District Court's final order pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *See Turner v. Hershey Chocolate U.S.A.*, 440 F.3d 604, 611 (3d Cir. 2006). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the grant of summary judgment, we view all of the facts in the light most favorable to Iovanella as the non-moving party, and draw all reasonable inferences in her favor. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 535 (3d Cir. 2007).

3

## III.

Iovanella first argues that the District Court erred by concluding that employment discrimination based on familial status, namely her status as a single mother, is not actionable under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1, *et seq.* We nevertheless find the District Court's thoughtful analysis of the pertinent statutory provisions and related case law convincing, and therefore agree with its conclusion.

Causes of action under the NJLAD like Iovanella's arise from § 10:5-12, such that the District Court rightly focused its analysis upon the provision's terms. *See Mt. Holly Citizens in Action, Inc. v. Twp. of Mount Holly*, No. 08-2584, 2009 WL 3584894, at *8-9 (D.N.J. Oct. 23, 2009). With respect to employment practices, § 10:5-12(a) prohibits an employer from basing decisions on a host of suspect characteristics, including race, national origin, age, sex, and disability. Notably absent from the list of protected classifications, however, is familial status. The inclusion of familial status as a prohibited basis for housing-related decisions in other portions of § 10:5-12, and the state legislature's failure to add it to § 10:5-12(a) despite amending the sub-section four times, cautions against now inferring the claim of which Iovanella urges recognition. That the only New Jersey state court to consider this issue similarly refrained from reading familial status into the list of expressly protected classifications in § 10:5-12(a), *see Bumbaca v. Twp. of Edison*, 373 A.2d 156, 162-63 (N.J. Super. Ct. App. Div. 2004), corroborates the propriety of the District Court's analysis. We therefore find no error in its conclusion.

4

The remainder of Iovanella's arguments on appeal all contest the District Court's failure to identify genuine issues of material fact with respect to her claims of gender discrimination, retaliation, hostile work environment, and constructive discharge.

With respect to her gender discrimination claim, the District Court granted summary judgment in favor of Genentech because Iovanella failed to prove the fourth element of a *prima facie* employment discrimination claim, that she was treated less favorably than employees not within her protected class. *See Deguzman v. N.J. Dep't of Military and Veterans Affairs*, 113 Fed. App'x 438, 440 (3d Cir. 2004). There was simply no evidence that Iovanella was treated differently than the male sales representatives with whom she worked. Furthermore, the District Court explained that, even had Iovanella presented evidence of less favorable treatment, summary judgment would still have been proper because she did not cast sufficient doubt on Genentech's proffered, legitimate explanations for the actions about which Iovanella complained – namely, her documented performance issues – to suggest that they were pretextual. *See id.* Indeed, Iovanella did not dispute that Genentech based its decisions on her alleged performance problems, and instead only argued that Ziegenhagen conjured up those issues out of discriminatory animus without any support in the record for such a claim.

The District Court granted summary judgment as to Iovanella's retaliation claim for similar reasons. With respect to her first protected activity, complaints about Ziegenhagen's conduct, the District Court concluded that Iovanella failed to prove the second prong of a *prima facie* case of discriminatory retaliation, that adverse employment action occurred after or contemporaneous with the protected activity. *See Abramson v.*

5

*William Paterson College of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001). All of the adverse employment decisions about which she complained, including Genentech's territorial reorganization, failure to award stock options, and denial of a work Blackberry, occurred after Iovanella complained about Ziegenhagen's behavior. Furthermore, with respect to her second protected activity, hiring a lawyer and submitting an EEOC complaint, the District Court concluded that Iovanella again did not sufficiently undermine Genentech's proffered, legitimate explanations. Specifically, Iovanella failed to show that Genentech's compliance investigation and sub-par evaluations were actually a response to her legal actions rather than to reports of her visit to a patient's home and other performance-related issues. *See Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 199 (3d Cir. 1996).

Last, the District Court concluded that "Iovanella fails to show discrimination 'severe and pervasive' enough to establish a hostile work environment, and falls shorter still of demonstrating the 'intolerability' required for constructive discharge."

The District Court's opinion on defendant's motion for summary judgment evidences a thorough review of the record and well-reasoned analysis of whether any genuine issue of material fact existed. Even after duly considering all of Iovanella's arguments, we neither believe any additions to the District Court's opinion are warranted nor find any reversible error in its determination that Genentech was entitled to summary judgment. We will therefore affirm for the reasons put forth by the District Court.

III.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of defendant Genentech, Inc. and dismissing plaintiff Iovanella's suit with prejudice.